# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# TWIGGS DIVISION

| | |
|---|---|
| ANTOINETTE MACK, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| ACADEMY, LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Antoinette Mack, by and through undersigned counsel, and files this Complaint for Damages against Defendant Academy, Ltd. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Delilah Banks, 1800 North Mason Road, Katy, Texas 77449.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA").

7.

At all times relevant to this action, Plaintiff suffered from a serious health condition, as that term has been defined by the FMLA, of which the employer had knowledge. In particular, Plaintiff required rest following a medically necessary abdominoplasty surgery.

8.

Plaintiff began working for Defendant on January 5, 2017, as a picker, and she transitioned to a role as Learning and Development Specialist in February 2019.

9.

On or around July 2, 2021, Plaintiff applied for FMLA leave from July 12, 2021, through August 23, 2021, due to her upcoming abdominoplasty surgery.

10.

Plaintiff's FMLA leave was approved.

11.

When Plaintiff attempted to return to work on or around August 24, 2021, her manager, Jennifer Stackhouse, notified her that her position had been filled and Plaintiff would need to apply and interview for another position if she wished to return to work.

12.

There was only one salaried position available, and that position that filled by a less qualified individual.

13.

Plaintiff ultimately applied for and was hired in an hourly role as DC Clerk Receiving – Day Shift. Plaintiff received lower compensation and reduced benefits in this role.

14.

Plaintiff resigned from Defendant on October 25, 2021.

15.

Any reason given for Plaintiff's termination is pretext for retaliation for Plaintiff engaging in protected activity under the FMLA.

16.

Defendant availed herself of FMLA protected rights by seeking time off to which she was entitled. Defendant interfered with Plaintiff's exercise of FMLA rights and retaliated against Plaintiff for her protected activity by terminating her employment and failing to restor her to her position.

17.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In doing so, Defendant violated the FMLA.

18.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2020 and 2021 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

19.

Plaintiff has suffered lost wages as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## COUNTS I & II

## (FMLA INTERFERENCE AND RETALIATION)

20.

Plaintiff repeats and re-alleges paragraphs 6-19 as if set forth fully herein.

21.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

22.

Plaintiff was an eligible employee under the FMLA.

23.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

24.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

25.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

26.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages for lost wages and benefits and prejudgment interest thereon;

(b) Liquidated damages on Plaintiff's FMLA claims;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h)     All other relief to which she may be entitled.

This 7th day of January, 2022.

**BARRETT & FARAHANY**
*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com